IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| KATHERINE VEGA, | ) |
| Plaintiff, | ) |
| v. | ) No. 14 C 7124 |
| CHIPOTLE MEXICAN GRILL, INC., | ) Judge Virginia M. Kendall |
| Defendant. | ) |

## MEMORANDUM OPINION AND ORDER

Plaintiff Katherine Vega seeks to resurrect from dismissal for want of prosecution a case regarding her employment at Defendant Chipotle Mexican Grill, Inc., wherein Vega alleges she was mistreated and unlawfully discharged. Vega's seven-count complaint seeks relief for: (1) unlawful retaliation; (2) unpaid overtime; (3) breach of contract; and (4) discrimination based on national origin. During the course of this litigation—that has spanned over a year and discovery has yet to conclude—the Court provided Vega with two attorneys and she hired a third. She currently represents herself pro se. The Court dismissed Vega's complaint for want of prosecution because Vega had a pattern of failing to respond to discovery requests, an inability to work with counsel, and a failure to appear in court for scheduled motion hearings. Vega moves to vacate the Court's dismissal of her case for want of prosecution pursuant to Federal Rule of Civil Procedure 60.

## BACKGROUND

On September 12, 2014, Vega filed her complaint pro se in which she alleged that while employed by Chipotle, she was discriminated against because of her national origin, religion, and

sex. (Dkt. No. 1 at 2-4.) She also claimed retaliatory discharge. *Id.* The Court granted Vega's motion for attorney representation and appointed her counsel. (Dkt. Nos. 7, 8.) Vega's first attorney withdrew due to a conflict of interest and the Court accordingly appointed her a second attorney. (Dkt. Nos. 12, 13.) Her second recruited attorney filed an amended complaint on January 14, 2015 that included claims of unlawful retaliation in violation of the Illinois Workers Compensation Act, wrongful discharge, breach of contract, unjust enrichment, unpaid overtime under the Fair Labors Standards Act and Illinois law, and discrimination based on national origin under Title VII. (Dkt. No. 19 at 12-24.) After representing Vega for over six months, filing a thorough amended complaint on her behalf, and engaging in discovery, her recruited attorney sought to withdraw. In a letter dated June 23, 2015, Vega notified him that she no longer wished to be represented by him. (Dkt. No. 35 at 2.) Vega further requested that her attorney file a motion with the Court to end his representation of Vega. *Id.* On June 30, 2015, the Court granted the second recruited attorney's motion to withdraw that he filed pursuant to Vega's request because of fundamental disagreements between the attorney and Vega.

The attorney informed the Court that the conflict involved two issues: "One is how discovery works and what everyone's obligations are under discovery, and second, what are reasonable expectations to have for a case. I've had difficulty in this case." (June 30, 2015 status hearing). (Dkt. No. 40.) Vega herself affirmed the conflict and said that she "would prefer to have someone that I felt more comfortable with with [sic] my case." After allowing counsel to withdraw, the Court informed Vega that she does not "get a lawyer of your choice" and if the motion were to be granted "you are on your own pro se."[1] Vega stated that she understood. The Court then further clarified: "Ms. Vega you're on your own now since you couldn't work the

---

[1] Due to a clerical, typographical error, the minute entry for the June 30, 2015 status hearing states that Vega "is not pro se." The minute entry should read that Vega is "now" pro se.

lawyer that I gave you. You'll have to bring your claims. You seem articulate enough to do so. And you can bring the motion that you wanted to bring, Alright?" To which Vega responded, "Yes, your Honor." At that point the Court moved the end of fact discovery deadline out in order to accommodate Vega. At that status in June, the Defense informed the Court that they had already agreed to two extensions of discovery due to the difficulties that recruited counsel was having in responding to discovery due to this conflict with his client. The Court directed recruited counsel to provide all discovery he had received to Vega and he did so.

Two weeks later, Vega hired a third attorney who filed an appearance on July 16, 2015. (Dkt. No. 42.) Only one day later, Vega's attorney moved to withdraw stating that he could not reach an agreement with Vega and that she asked him to withdraw. (Dkt. No. 43) The Court granted counsel's motion to withdraw. *Id.* At that motion hearing, the Defense explained that they had sent Vega discovery and that the discovery was already two months late since it was due in May, and that they requested she respond in 14 days. On the fourteenth day, rather than respond to the discovery, the third attorney, this one retained, filed an appearance. Yet, one day later, the same attorney sought to withdraw. The Court granted the attorney's motion to withdraw and explained to Vega: "Which means where you stand right now is you are pro se. So you've had one lawyer recruited for you and you've had one who you attempted to retain who is not able to work the case, so you have to do it on your own." Regarding the discovery that was outstanding and late, the Court stated: "so you have to answer his questions and move forward." At that status hearing, Vega presented her reasons for having problems with her attorneys and the Court reminded her "you do need to respond to discovery." When Defense Counsel identified the outstanding interrogatories and request of production, the Court ordered directly that the written discovery must be completed by August 31. Finally, the Court explained

that after the written discovery there would be depositions. Vega knew that the interrogatories and requests for productions were due on August 31, 2015. She asked: "Just so I'm clear, August 31st is the day now that the discovery is due?" And the Court answered: "Your answers to his production – I mean to his requests to admit and interrogatories are due on August 31st to him, not to me, to him."

On the same day of this hearing, July 22, 2015, Vega, having not responded to any discovery nor having provided any, filed a document seeking a summary judgment or directed verdict in her favor. (Dkt. No. 48) She presented the document to the Court as an explanation for not doing her discovery which set forth her belief that the discovery requests were an invasion of her privacy and seeking to have this Court find that as a matter of law she was discriminated against. She noticed this motion for August 31, 2015, the same day that her written discovery was due to opposing counsel.

Three days prior to that hearing, the Defense moved to strike the motion as premature. On August 31, 2015, Vega failed to appear on her own motion. The Court entered a warning that her failure to comply with discovery obligations and appear on her own motion could result in dismissal of her case. (Dkt. No. 53) The Court set the motion over for one week to give Vega an opportunity to appear. On September 8, 2015, Vega failed to appear again. Defense counsel stated that he had received some partial interrogatory answers in the mails but "to be frank with you, Your Honor, looked as if there were mostly drafted by Mr. Doyle before he withdrew." (Tr. 9/8/15) The Court entered a second warning for Plaintiff's failure to appear and warned her that the case will be dismissed for want of prosecution if she fails to appear. The Court further ordered that she must show cause as to why she was not responding to discovery and set another status in one week for September 15, 2015. Meanwhile, on September 11, 2015, Defendants

filed a motion to compel which they noticed for the same day as that Court's next status, September 15, 2015.

On September 14, 2015, the Court's clerk struck the motion to compel as untimely filed because the defense had failed to give the Court's required three day notice to Plaintiff. However, the Rule to Show Cause that had been entered twice before against the Plaintiff, remained on the docket and Plaintiff had been ordered to appear on September 15, 2015.

On September 15, 2015, Vega failed to appear. The Court dismissed the case for want of prosecution having given two warnings and having ordered Vega to show cause regarding her refusal to engage in discovery. (Dkt. No. 58) The Court vacated the clerk's entry which stated that the motion to compel was not timely filed but denied the motion as moot due to the dismissal. The Court notes that the morning motion call lasted over forty minutes on September 15, 2015.

The same day that she was ordered to show cause, September 15, 2015, and less than two hours after she was ordered to appear, Vega filed a motion to appear before the Court to explain why she did not appear in court for the status hearing that day and filed another motion for attorney representation. The Court granted her motion to appear and set a status.

On September 29, 2015, Vega appeared and said that she had traveled to Puerto Rico and did not believe she needed to appear on her own motion on August 31, 2015. She also claimed that she did not receive electronic statuses from the Court although she attached one to documents that she provided to the Court. She further stated that she came to Court and spoke to "Greg" who told her that she need not appear. She showed a reservation for a parking garage which was made the day before for entry on September 15, 2015 but does not show that she actually came and parked. The Court was in session until nearly 10 a.m. that day and Vega did

not appear in the Courtroom. No individual by the name of Greg works for the Court nor did the Court have anyone substituting for her courtroom deputy during this time period.

The Court then directed Vega to file the appropriate motion to vacate the dismissal and directed her to the pro se help desk to file the correct motion. Vega filed this motion to vacate the dismissal of her case her entire motion consists of one clause: "due to a misunderstanding of hearing dates." (Dkt. No. 64.)

## LEGAL STANDARD

Under Fed. R. Civ. Pro. 60(b), the Court may vacate a final judgment for one of six reasons, including for "mistake, inadvertence, surprise, or excusable neglect." "Rule 60(b) relief is an extraordinary remedy and is granted only in exceptional circumstances." *Cincinnati Ins. Co. v. Flanders Elec. Motor Serv., Inc.*, 131 F.3d 625, 628 (7th Cir. 1997). Relief under Rule 60(b) from a dismissal for want of prosecution is therefore warranted only "upon a showing of extraordinary circumstances that create a substantial danger that the underlying judgment was unjust." *Dickerson v. Bd. of. Educ. of Ford Heights, Ill.*, 32 F.3d 1114, 1116 (7th Cir. 1994).

## DISCUSSION

Vega argues that the Court should vacate the dismissal of her case pursuant to Rule 60 because she submitted some responses to Chipotle's discovery requests, believed that the September 15th motion hearing was stricken but still made an effort to appear, and was out of the country during the August 31st and September 8th hearings. (Dkt. No. 67 at 2.) In response, Chipotle contends that Vega has not demonstrated excusable neglect for failure to prosecute her case. (Dkt. No. 68 at 6.) Chipotle points to the Court's two warnings, Vega's absence at multiple scheduled court dates, and her failure to respond to discovery requests as adequate grounds for the Court's dismissal of her case. *Id.* at 6-7.

6

Vega has failed to show mistake, inadvertence, surprise, or excusable neglect such that the extraordinary remedy of a Rule 60 motion is warranted. The Court may infer lack of intent to prosecute from a pattern of failure to meet court-imposed deadlines and the failure to appear at a scheduled hearing. *See Dickerson*, 32 F.3d at 1117; *GCIU Employer Retirement Fund v. Chicago Tribune Co.*, 8 F.3d 1195, 1199 (7th Cir. 1993). The Court is well aware that before dismissing a case for want of prosecution, the Court should warn the plaintiff that the Court is considering the imposition of such a sanction. *See Fischer v. Cingular Wireless, LLC*, 446 F.3d 663, 665 (7th Cir. 2006). The Court warned Vega twice that her case would be dismissed for want of prosecution if she did not respond to discovery requests or did not appear in court when scheduled. More importantly, the Court gave Vega direct instructions on responding to the discovery and directed her to the Help Desk twice weeks before dismissing her case after giving two warning. Two warnings are sufficient to put a plaintiff on notice that her case is in danger of dismissal. *See, e.g., Jackson v. City of Chicago*, No. 07 C 7066, 2011 WL 737584 (N.D.Ill. Feb. 23, 2011) (denying pro se plaintiff's Rule 60 motion to vacate case dismissed for want of prosecution because plaintiff missed two status hearings). The Court subsequently dismissed Vega's claim because despite an in-person explanation of her discovery obligations and two warnings that her case would be dismissed for want of prosecution, she has demonstrated a pattern of inability to respond to discovery requests. Notwithstanding Vega's non-responsiveness to discovery, the Court also dismissed Vega's case because she had twice failed to appear before the Court. Vega has not presented any exceptional circumstance that would justify vacating the dismissal of her case. First, Vega argues that she submitted some discovery materials, yet her response to the discovery requests reveal that she actually just filed provided draft responses that her recruited attorney had prepared for her months earlier and failed to work

7

on the answers during the weeks that the Court gave her to do so. Partial answers to discovery after being directed to give full answers do not remedy, let alone serve as an exceptional circumstance, that would explain her failure to provide the remainder of the discovery. Second, Vega attempts to explain her failure to appear at the September 15th hearing due to the fact that the Motion to Compel filed for that same day was stricken and she therefore believed that she need not appear. This might explain her absence as to the newly filed motion to compel, but it is not an answer to her failure to appear on her own motion on August 31, 2015 (the motion for summary judgment in her favor due to her refusal to respond to discovery as an invasion of her privacy); or her failure to appear on the Court's first Rule to Show cause.

Vega attempts to support her position with information that is not credible. First, she claims she did not believe she needed to be in court due to the striking of the motion to compel, Yet, she provides to the Court a receipt for the reservation of a parking spot on the 15th near the courthouse which she claims she used and actually came to court. Similarly, contradicting herself, she claims she was told she need not appear on the 15th by Greg. In contrast, she claims she actually came to court that day. No one works for the Court named Greg and Vega had been dealing with the Court's deputy for over 8 months and knew who she was. The Court's deputy is female and she was at work that day and the Court was in session until nearly 10 a.m. that day. Therefore, Vega's statements are not supported by the record. Finally, in a last effort to support her failure to appear, Vega stated that she was not getting electronic notices. Yet, attached to one of her documents supporting that she parked on the 15th was electronic notice to her from this Court. More importantly, the Court did not dismiss Vega's case solely because of her absence on September 15th, but rather because of Vega's pattern of failing to provide discovery materials and appear in court. And lastly, Vega's explanation that she was out of the country during the

8

August 31st and September 8th hearings does not constitute an extraordinary circumstance justifying relief under Rule 60. *See Easley v. Kirmsee*, 382 F.3d 693, 697 (7th Cir. 2004) (misunderstanding about court deadlines does not constitute excusable neglect).

Finally, and the most troubling, is Vega's pattern of behavior that reflects her refusal to comply with Court orders and directions and her lack of candor in attempting to persuade the Court that in fact that is what she had been doing. As a college educated Plaintiff, this reflects a pattern of manipulation rather than the behavior of a confused pro se litigant. The Court thus denies Vega's motion to vacate the dismissal of her case because Vega has not demonstrated any extraordinary circumstance that caused her to miss court dates and fail to respond to discovery

## **CONCLUSION**

The Court denies Vega's motion to vacate the dismissal of her case for want of prosecution.

                                                                                                  _____
                                                                                                  Virginia M. Kendall
                                                                                                  United States District Court Judge
                                                                                                  Northern District of Illinois

Date: 12/3/2015